# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVAYON JERRELL SAUNDERS,** | ) |
| Plaintiff, | ) Case No. 7:21CV00095 |
| v. | ) **OPINION AND ORDER** |
| **DAVID BELL, ET AL,** | ) Judge James P. Jones |
| Defendants. | ) |

*Davayon Jerrell Saunders, Pro Se Plaintiff.*

The plaintiff, Davayon Jerrell Saunders, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that the defendants ignored his complaints about contracting COVID-19 in jail and failed to grant him early release. I conclude that the action against two of the defendants must be summarily dismissed for failure to state a claim.

Saunders' claims concern events during his confinement at the Roanoke City Jail ("RCJ"). As defendants, he names Sheriff David Bell, Governor of Virginia Ralph Northam, and Director of the Virginia Department of Corrections Harold Clarke. The Amended Complaint alleges the following claims: (1) Bell did not help Saunders get early release due to COVID-19 or respond to complaints about a lack of cleaning supplies or Saunders' getting COVID-19; and (2) in response to

Saunders' written complaints that RCJ inmates lacked cleaning supplies, that he had COVID, and that he "was a year and less," Am. Compl. 2, ECF No. 40, Northam and Clarke did not grant Saunders early release or respond to his correspondence. Saunders states his belief that all of the defendants work together and, thus, are each responsible for what has happened to him at RCJ. As relief, he seeks early release and $50,000.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

As an initial matter, Saunders cannot use a § 1983 civil rights action to achieve release from his criminal sentence or to challenge the legality of his continued confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). An inmate may

raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Id.*; *see also* 28 U.S.C. § 2254(b) (regarding exhaustion requirement). Saunders offers no indication that he has filed any state court action challenging his continued confinement. Accordingly, I will summarily dismiss without prejudice all his claims for early release.

Next, when Saunders states that the defendants work together as one and are equally responsible for his welfare while he is serving his sentence at RCJ, he is mistaken. Article VII, Section 4 of the Constitution of Virginia provides that the qualified voters of each county and city shall elect certain officials, including a sheriff. Thus, a sheriff is a constitutional officer, responsible to the voters who elected him. *Doud v. Commonwealth*, 717 S.E.2d 124, 126 (Va. 2011). A sheriff's authority does not depend on either the government of the Commonwealth or the governing body of the county or city where elected, nor is the sheriff an agent of these governing bodies. *Id.*; *Carraway v. Hill*, 574 S.E.2d 274, 276 (Va. 2003). State law, Va. Code Ann. § 15.2-1609, gives the sheriff the authority to set policy regarding the "custody, feeding and care of all prisoners confined in the county or city jail."

Saunders' Amended Complaint alleges that Sheriff Bell failed to take action once notified that inmates had no cleaning materials and that Saunders had contracted COVID-19. Liberally construed, I find that Saunders has alleged

sufficient facts to state a plausible claim that Sheriff Bell failed to implement adequate policies and procedures to protect him from contracting COVID-19. Therefore, I will allow this claim to go forward at this time.

On the other hand, Saunders' Amended Complaint does not state facts showing that Northam and Clarke, as state officials, had any responsibility for living conditions at RCJ. As discussed, under Virginia law, the sheriff of the locality is responsible for the care of inmates in his custody and does not depend on any state official for that authority. Saunders also has no constitutional right for state officials to respond to his letters or to grievances he raises therein. Therefore, I will summarily dismiss all claims against Northam and Clarke.

For the stated reasons, it is **ORDERED** that all claims against defendants Northam and Clarke are DISMISSED, and the Clerk is directed to terminate these individuals as parties to the lawsuit. By separate Order, the court will attempt service of process on defendant Bell so that he may respond to the claim against him.

ENTER: October 20, 2021

/s/  JAMES P. JONES
Senior United States District Judge